**Barbara RIORDAN**

v.

**Robert Valiant JONES and Allewalt & Murphy, P.A.**

**Civ. No. S 92–112.**

United States District Court, D. Maryland.

July 1, 1992.

Barbara Riordan, pro se.

Mark A. Gilday, Jordan, Coyne, Savits & Lopata, Washington, D.C., for Jones.

Gary C. Duvall, Miles & Stockbridge, Towson, Md., for Allewalt & Murphy.

## MEMORANDUM OPINION

SMALKIN, District Judge.

The *pro se* plaintiff, who filed this suit over a 1976 bicycle accident on the eve of the expiry of limitations, claims that the remaining defendants (the claims against other defendants (the "State defendants") having been dismissed by an earlier order of this Court for lack of federal subject matter jurisdiction under the Eleventh Amendment) committed legal malpractice in their handling of her potential suit

against the State defendants and other potential defendants not sued in this case. The remaining defendants, lawyers all, have moved for summary judgment, which the plaintiff opposes. No oral argument is deemed necessary.

This suit had its genesis in a bicycling accident in a Maryland state park in 1976, when the plaintiff, then a young girl, was injured. Apparently, she and her father (a New York lawyer) were riding on a bicycle rented from the park when she somehow was injured. (A disinterested witness stated at the time that the accident happened when the child, who was riding on the handlebars, became entangled in the spokes of the front wheel. Other witnesses—plaintiff's family members—agree that she was on the handlebars, but claim that the accident was due to brake failure.) Some five years after the accident, defendant Jones, an Elkton, Maryland, lawyer who had been contacted by plaintiff's father, referred the case to defendants Allewalt and Murphy, who reviewed the case for some time before withdrawing from representing the plaintiff in October, 1988 (as did Jones), after determining that there was insufficient merit to proceed with the case. None of these facts is disputed, but the plaintiff claims that, during the period of delay, she suffered redressable injury resulting from the breach of the defendants' duties to her, as attorneys, under Maryland law.

The defendants are clearly entitled to summary judgment as a matter of law on this record. Fed.R.Civ.P. 56(c). Under Maryland law and the Supreme Court's decisions in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), there simply is no triable issue in this case.

■ The Court starts with the proposition that an attorney may properly withdraw from representation when he or she determines that the matter should not be brought to suit. Indeed, such a principle is manifest from such mechanisms as Fed. R.Civ.P. 11, which actually punish an attorney for pursuing a suit that is not properly maintainable under the governing substantive law.

The Court next observes that it has been consistently held that where, as here, there is sufficient time to engage new counsel and file suit, there is no malpractice. *See, e.g., Steketee v. Lintz, Williams, & Rothberg*, 38 Cal.3d 46, 210 Cal.Rptr. 781, 694 P.2d 1153 (1985). In this case, because of the plaintiff's disability of minority, over three years remained after defendants' withdrawal for the filing of suit, leaving plenty of time for plaintiff, or her father or mother acting on her behalf, to engage new counsel.

■ Next, and supporting summary judgment under a wholly separate analysis, is the requirement that the matter for which the attorney was engaged must have had sufficient merit that any malpractice actually caused damages to the plaintiff. *See, e.g., Fishow v. Simpson*, 55 Md.App. 312, 323, 462 A.2d 540, 546 (1983). This requires that the malpractice plaintiff demonstrate merit in the underlying claim, which the present plaintiff simply cannot do, given that plaintiff has not produced any *evidence* of a defect in the bike that could support a verdict in her favor against a lessor or manufacturer on any product liability theory, were the case at the directed verdict stage. *Anderson v. Liberty Lobby, supra; Celotex Corp. v. Catrett, supra*. Maryland law requires proof of a defect in the product, whatever the theory of product liability, *see Phipps v. General Motors Corp.*, 278 Md. 337, 363 A.2d 955 (1976), and neither the fact of injury, *see Brehm v. Lorenz*, 206 Md. 500, 112 A.2d 475 (1955), nor circumstantial evidence in the form of affidavits, as here, simply stating that the brakes "failed," is sufficient to carry the case to the jury. *Cf. Harrison v. Bill Cairns Pontiac*, 77 Md.App. 41, 549 A.2d 385 (1977) (listing numerous requirements for circumstantial proof of defect, *none* of which is shown by any *evidence* to be satisfied in this case). This being the case, no malpractice action can lie against the defendants.

In short, plaintiff has no case, and summary judgment will be granted against her in an order to be entered separately. In this day of meritless litigation, the last thing that should be encouraged or tolerated by a court is litigation against an attorney who, after long and careful inquiry, properly concludes that a matter referred is so devoid of merit that it cannot, in good faith and consonant with the type of obligation imposed on the profession by Rule 11, be brought to court.

## JUDGMENT ORDER

For the reasons stated in a Memorandum Opinion entered herein this date, IT IS, by the Court, this 1st day of July, 1992, ORDERED and ADJUDGED:

1. That the motions of defendants Jones and Allewalt & Murphy for summary judgment BE, and they hereby ARE GRANTED;

2. That judgment BE, and it hereby IS, ENTERED in favor of defendants Jones and Allewalt & Murphy, with costs; and

3. That this case BE, and it hereby IS, DISMISSED as against all other defendants, with prejudice.