27 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Avery ELLIS, Plaintiff-Appellant,
v.
Frank KILGORE, Defendant-Appellee.
 No. 93-1811.
 United States Court of Appeals, Fourth Circuit.
 Argued: February 7, 1994.
Decided: July 6, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James C. Turk, District Judge. (CA-93-69-B)
 Carl E. McAfee, McAfee, Bledsoe & Associates, P.C., Norton, Virginia, for Appellant.
 Frank Kenneth Friedman, Woods, Robers & Hazlegrove, Roanoke, Virginia, for Appellee.
 John T. Jessee, Michael A. Cleary, Woods, Rogers & Hazlegrove, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff-appellant, Avery Ellis, brought a claim for legal malpractice against attorney Frank Kilgore in the United States District Court for the Western District of Virginia alleging that Kilgore had allowed the statute of limitations to lapse in Ellis' medical malpractice claim against Dr. Briggs Allen. Kilgore subsequently filed a motion for summary judgment to which Ellis did not respond. The district court granted the motion, finding that Ellis had not pointed to evidence sufficient to support the verdict of a fair minded jury. We affirm.
 
 I.
 
 2
 A district court's grant of summary judgment is reviewed de novo. Aiken v. Policy Management Sys. Corp., 13 F.3d 138, 140 (4th Cir.1993).
 
 
 3
 Summary judgment is only proper if there is no genuine issue as to any material fact. The moving party on a motion for summary judgment has the burden of (1)utilizing the record--pleadings, depositions, answers to interrogatories, and affidavits--to point out deficiencies as to matters upon which the opposing party has the burden of proof such that the opposing party cannot prove its claim or defense or (2)showing otherwise why, upon the undisputed facts in the record, the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56(c); See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The party opposing a motion for summary judgment may not merely rest on its pleadings but must demonstrate sufficient evidence, properly authenticated under Rule 56(e), which would be sufficient to support a jury verdict in its favor. See Fed.R.Civ.P.56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Herold v. Hajoca Corp., 864 F.2d 317, 319 n. 2 (4th Cir.1988), cert. denied, 490 U.S. 1107 (1989); Orsi v. Kirkwood, 999 F.2d 86, 91-92 (4th Cir.1993).
 
 
 4
 In determining the motion, the court must view all facts and reasonable inferences in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255.
 
 II.
 
 5
 Avery Ellis was treated by Dr. Briggs Allen, a chiropractor, for various problems relating to neck pain and arm numbness from February 13, 1989 to April 28, 1989. Dr. Allen's treatment of Ellis included the recommendation and performance of cervical manipulation. After Dr. Allen's treatment of Ellis, it was discovered that Ellis had cancer of the spine and had suffered a cervical fracture in his neck.
 
 
 6
 Ellis hired attorney Frank Kilgore on March 1, 1990, in order to pursue a medical malpractice claim against Dr. Allen. On March 13, 1990, Kilgore notified Dr. Allen, by letter, that he represented Ellis and requested Ellis' medical records. The March 13 letter was sent by regular mail. On March 21, 1990, Gregory F. Wooldridge, a claims representative of Dr. Allen's malpractice insurer, responded to Kilgore's letter by requesting that Kilgore furnish evidence to substantiate the claim.
 
 
 7
 Kilgore hired Dr. Steven Kulaway, a chiropractor, to review Dr. Allen's treatment of Ellis. In a letter dated November 26, 1990, Dr. Kulaway stated his conclusion, somewhat equivocally, that Dr. Allen had not violated the applicable standard of care. Subsequently, in a second letter dated January 14, 1991, Dr. Kulaway responded to Kilgore's further request for an opinion on whether Dr. Allen's cervical manipulation caused the cervical fracture. The second letter stated that cervical manipulation can contribute to cervical fractures where bone cancer is present, but that fractures may also occur from other causes. Dr. Kulaway was unable to offer an opinion as to causation but stated again that Dr. Allen's treatment was within accepted standards of care.
 
 
 8
 On January 25, 1991, Kilgore notified Ellis that Dr. Kulaway's review did not support the case but that Kilgore was in the process of seeking other experts. On March 4, 1991, Wooldridge informed Kilgore that the insurance company had determined that Dr. Allen had not breached the standard of care and that the company denied Ellis' claim. Still unable to find an expert to testify for Ellis, Kilgore wrote to Ellis on June 4, 1991 explaining that, without an expert, the case could not go forward. On June 12, 1991, Ellis went to Kilgore's office to pick up his case file and the legal representation was terminated.
 
 III.
 
 9
 To prevail upon a legal malpractice claim in Virginia, a plaintiff must show that his attorney was negligent and that the attorney's negligence proximately caused the plaintiff's loss. Campbell v. Bettius, 244 Va. 347, 352, 421 S.E.2d 433, 435 (1992).
 
 
 10
 Plaintiff's sole allegation against attorney Kilgore is that Kilgore negligently failed to file Ellis' medical malpractice claim against Dr. Allen within Virginia's two year statute of limitations. Va.Code. Ann. Sec. 8.01-243(A) (Michie 1993). Pre-1993[1] Virginia Code section 8.01-581.9 provided that the statute of limitations is tolled for 120 days upon a claimant giving notice, pursuant to pre-1993 Virginia Code section 8.01-581.2, of his claim to the health care provider. If the tolling provision was invoked by Kilgore's letter of March 13, 1990, the statute of limitations ran in August of 1991, some two months after the termination of Kilgore's representation. If the tolling provision was not activated, the statute of limitations ran on April 28, 1991, during Kilgore's representation of Ellis.
 
 
 11
 Thus, our first inquiry is whether the March 13 letter was "notice" as contemplated by Virginia Code sections 8.01-581.9 (repealed 1993) and 8.01-581.2 (amended 1993). Plaintiff argues on appeal that the March 13 letter was not sufficient to toll the statute because (1)it was not sent by registered mail, (2)it did not sufficiently state the time of the alleged malpractice, and (3)it did not give a reasonable description of the alleged malpractice.
 
 
 12
 The pertinent provision of section 8.01-581.2 provided:
 
 
 13
 No action may be brought for malpractice against a health care provider unless the claimant notifies the health care provider in writing by registered or certified mail prior to commencing the action. The written notification shall include the time of the alleged malpractice and a reasonable description of the act or acts of malpractice.
 
 
 14
 Va.Code Ann. Sec. 8.01-581.2 (Michie 1992) (amended 1993).
 
 
 15
 Virginia courts have not strictly enforced the notice provision, holding instead that reasonable compliance is all that is required. Dolwick v. Leech, 800 F.Supp. 321, 325 (E.D. Va.1992), citing Cowan v. Psychiatric Assoc., 239 Va. 59, 387 S.E.2d 747, 749 (1990) (reasonable compliance required); Hudson v. Surgical Specialists, Inc., 239 Va. 101, 387 S.E.2d 750, 753 (1990) (particular statement of claims not required); Morrison v. Bestler, 239 Va. 166, 387 S.E.2d 753, 757-58 (1990) (failure to follow procedures does not divest court of subject matter jurisdiction). See also, Hewitt v. Virginia Health Services Corp., 239 Va. 643, 391 S.E.2d 59 (1990) ("The failure to serve the notice of claim properly does not affect the trial court's subject matter jurisdiction. The method of service of a claim specified in Code Sec. 8.01-581.2 is a procedural requirement which is deemed waived if an objection is not timely raised."). The purpose of the notice provision is only to "call the defendant's attention to the identity of the patient, the time of the alleged malpractice, and a description of the alleged acts of malpractice sufficient to enable the defendant to identify the case to which the plaintiff is referring." Hudson, 239 Va. at 105, 387 S.E.2d at 752. Here, it is undisputed that actual notice was effectively given to Dr. Allen and his insurance company.
 
 
 16
 Section 8.01-581.9 expressly states that "notice of a claim pursuant to Sec. 8.01-581.2 ... shall be deemed to be given when delivered or mailed by registered or certified mail to the appropriate [person] ...." (emphasis added). Applying the reasonable compliance rule associated with section 8.01-581.2 and construing the language of section 8.01-581.9, the failure to use registered mail was not fatal because notice was actually delivered.
 
 
 17
 Ellis' second argument is that the March 13 letter did not sufficiently state the time of the alleged malpractice. The letter reads, "PERIOD OF TREATMENT: February 13, 1989 and forward." Plaintiff was treated by Dr. Allen from February 18, 1989 to April 28, 1989. Because the period of treatment was only three months, the March 13 letter was sufficient to give Dr. Allen notice of the relevant period of treatment.
 
 
 18
 Appellant's final argument with respect to notice is that the March 13 letter did not give the required "reasonable description of the act or acts of malpractice." The letter refers to the fact that Ellis "has been under your care," and "my client's claim," but does not make reference to specific allegations of negligence. A more particular statement of claims is not required under Virginia law. Hudson, 239 Va. at 106, 387 S.E.2d at 753. Given the short period of treatment and the insurance company's quick response, the March 13 letter was sufficient to apprise Dr. Allen of the nature of the claim.
 
 
 19
 Therefore, the March 13 letter operated to toll the statute of limitations for 120 days. Kilgore's representation of Ellis terminated no later than June 12, 1991, some two months before the end of the limitations period.
 
 IV.
 
 20
 Ellis argues that if the statute had not actually run when he picked up his file from Kilgore's office that Kilgore, nevertheless, had a duty to inform him the statute was about to expire. While we believe attorneys may have such a duty,[2] summary judgment was nonetheless appropriate. First, giving the complaint in this case its broadest read ing, that claim is simply not pled. The complaint may not be read to allege that Kilgore breached any duty except failing to timely file the complaint during the course of his representation. Second, even if the claim had been pled, we agree with the district judge's analysis that Ellis failed to demonstrate any facts at all which would support a jury finding that Ellis could have prevailed in an action against Dr. Allen. In order to show that any such negligence was a proximate cause of his loss, Ellis must show what would have been recovered in the absence of the attorney's negligence. Campbell v. Bettius, 244 Va. 347, 352, 421 S.E.2d 433, 435 (1992); Duvall, Blackburn, Hale, & Downey v. Siddiqui, 243 Va. 494, 416 S.E.2d 448, 450 (1992); Stewart v. Hall, 770 F.2d 1267, 1269 (4th Cir.1985). In short, Ellis had to present authenticated facts from which a jury could find in his favor with respect to Dr. Allen's liability on the underlying medical malpractice claim. In a medical malpractice case, Virginia law requires that "expert testimony is ... necessary to establish the appropriate standard of care, to establish a deviation from the standard, and to establish that such a deviation was a proximate cause of the claimed damages," unless a health care provider's act or omission is clearly negligent within the common knowledge of laymen. Raines v. Lutz, 231 Va. 110, 113 n. 2, 341 S.E.2d 194, 195 n. 2 (1986) (citations omitted).
 
 
 21
 In this case, Plaintiff's allegations of medical negligence are that Dr. Allen failed to realize Ellis was suffering from "a condition which was not susceptible to the form of treatment provided by" chiropractors, failed to refer Ellis to an orthopedic surgeon or neurosurgeon, and failed to advise Ellis that his condition was beyond the scope of Dr. Allen's expertise and experience. These matters are not clearly within the common knowledge of laymen. Accordingly, Ellis was required to produce, or at least forecast, expert testimony on the negligence and causation elements of his medical malpractice claim.
 
 
 22
 Assuming that Dr. Kulaway's letters create a jury issue with respect to Dr. Allen's breach of a standard of care, and taking all reasonable inferences in favor of Ellis, the letters are not sufficient to create a jury issue on the proximate cause element of the underlying medical malpractice claim. These letters only state a list of possible causes, not an opinion that Dr. Allen's diagnosis or treatment was a cause of Ellis' injury. In sum, there is no authenticated evidence in the record which would support a jury verdict in Plaintiff's favor on the proximate cause element of the underlying medical malpractice claim, which of course negates Plaintiff's ability to point to any authenticated facts in the record that support the proximate cause element of his legal malpractice claim against attorney Kilgore.
 
 V.
 
 23
 For the forgoing reasons, the judgment of the district is
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 Virginia Code section 8.01-581.9 was repealed in 1993. The relevant portion of section 8.01-581.2 was deleted by 1993 amendment. We apply the versions of the statutes that were in effect during the relevant time periods. Dye v. Staley, 226 Va. 15, 17 n. 1, 307 S.E.2d 237, 238 n. 1 (1983)
 
 
 [2]
 See, e.g., Ortiz v. Barrett, 222 Va. 118, 278 S.E.2d 833, 837 (1981) (attorney has a duty to exercise a reasonable degree of care and skill); Musselman v. Willoughby Corp., 230 Va. 337, 337 S.E.2d 724, 726 (1985) (attorney has a duty to disclose anything known to him which might affect his client's decision whether or how to act). We note there is no dispute that Kilgore had written Ellis a letter on February 16, 1990 explaining that "The statute of limitations for a medical malpractice claim in the state of Virginia is two years. Therefore, you have two years from the date of the alleged malpractice to file your claim." (J.A. 54)