# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Leo Williams

　　v.

Louis N. Joynes, II, et al.

November 20, 2006

Case No. CL06-356

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court upon the motion of the defendants for summary judgment. For the reasons stated hereafter, the motion is granted in part and denied in part.

## Facts

This matter seeks damages against the defendants for legal malpractice in their representation of the plaintiff in a lawsuit filed in the Circuit Court of the City of Virginia Beach. The alleged malpractice is the failure of the defendants to timely (within the limitations set out in Virginia Code § 8.01-234(A)) file a lawsuit to enforce a claim of personal injury arising out of an auto accident that occurred in Fairfax County. It is agreed by the defendants that they failed to file the suit within the two-year statutory period; however, the defendants argue that the suit could have been filed against at least two of the defendants in the State of Maryland, and this possibility is acknowledged by the plaintiff. It is further agreed that Maryland has a three-year statute of limitations (Md. Code Ann. § 5-101) and plaintiff had ample time to employ counsel and to file this suit in Maryland.

It is stipulated by the parties that this was a chain reaction collision involving two other vehicles. One defendant was apparently engaged in the business of his employer. This driver was a Maryland resident and his employer was a Maryland corporation, making both subject to suit in Maryland. The other driver was a Virginia resident and, at least for the purpose of this decision, not liable to suit in Maryland.

It is further represented by both parties that the plaintiff made various inquiries of Maryland attorneys but, in the end, elected not to file suit in Maryland and to file this action against his negligent Virginia attorneys.

## Decision

The question we must then address is whether the election not to pursue the original cause of action in Maryland precludes suing these defendants for their admitted negligence in representing the plaintiff. Stated another way, does the ability to file the original cause of action in Maryland destroy the required proximate cause link necessary for recovery in this matter? Counsel has approached this issue in several different ways, and we shall deal with each argument seriatim.

The issue of proximate cause is in the opinion of the court largely determinative of the issue. Virginia authority makes it clear that, for a malpractice claim to succeed, there must (1) be a duty, (2) a beach of the duty, and (3) that breach was the proximate cause of the loss (damage). *Hendrix v. Daugherty*, 249 Va. 540, 544, 457 S.E.2d 71 (1995), citing *Campbell v. Bettius*, 244 Va. 347, 352, 421 S.E.2d 433 (1992), and *Duvall, Blackburn, Hale & Downey v. Siddiqui*, 243 Va. 494, 497, 416 S.E.2d 448 (1992).

The plaintiff does not attempt to dispute this requirement but argues instead that the issue of proximate cause is genuinely in dispute and therefore must be submitted to the jury at trial. While it is clear that this is a correct statement of Virginia law, the court is of the opinion that there is no genuine dispute as to the issue of probable cause. *Slone v. General Motors Corp.*, 249 Va. 520, 522, 457 S.E.2d 51 (1995), and Rule 3:20 of the Rules of the Virginia Supreme Court.

While the failure of the defendants to have timely filed in Virginia may create an additional damage claim (see this discussion *supra*), it is agreed and therefore not in dispute that the original cause of action could have been pursued in Maryland. Therefore, the abandonment by the plaintiff of an otherwise viable cause of action in Maryland creates an intervening act that severs any connection between the negligent act of the defendants and the loss claimed by the plaintiff. Obviously certain unique factual situations might

dictate a different result, but, when ample time exists to pursue the claim (in this matter six months), it is clear that our plaintiff has elected to abandon his original claim. *Riordan v. Jones*, 793 F. Supp. 650 (D. Md. 1992), aff'd 989 F.2d 494 (4th Cir. 1993).

Simply stated, the plaintiff had his claim both before and after the negligence of the defendants. If the negligence of the defendants had extinguished his claim, then he would have a loss that was proximately caused by the breach of the duty. Since his claim continued to survive the negligence by at least six months, one can only come to the conclusion that the act of abandonment by the plaintiff and not the negligence of the defendant caused the loss of this claim.

Since it is at least possible that the plaintiff might at trial be able to show that he was required to spend additional sums of money to explore pursuing this matter in Maryland, the court cannot grant summary judgment as to the entire matter. Since such costs would clearly be caused by the defendant's negligence, they remain a viable cause of action.

Thus the court grants partial summary judgment in favor of the defendant as to all damages that could have been pursued in the original cause of action, but reserving the right to pursue any damages related to pursuing relief in Maryland.