COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Fulton and White
Argued at Salem, Virginia


JASON MITCHELL CRAFT

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0742-24-3            JUDGE MARY BENNETT MALVEAUX
                                                         APRIL 1, 2025
SARAH REBECCA STALLARD, F/K/A
  SARAH REBECCA STALLARD CRAFT


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
Joel R. Branscom, Judge

Sheila Moheb-khosrovi (Jonathan S. Kurtin; Moheb Legal Defense,
PLLC, on briefs), for appellant.

Dirk B. Padgett for appellee.


Jason Mitchell Craft appeals an order of the circuit court sustaining Sarah Rebecca

Stallard's demurrer and dismissing his complaint with prejudice.  On appeal, he argues that the

circuit court erred in sustaining Stallard's demurrer on the basis that he failed to state a claim for

malicious prosecution.  He also contends that the court abused its discretion in denying his

subsequent motion for leave to file an amended complaint.  Finding that the circuit court erred in

sustaining the demurrer, we reverse and remand.

BACKGROUND[1]

"Because this appeal arises from the grant of a demurrer, we accept as true all factual

allegations expressly pleaded in the complaint and interpret those allegations in the light most

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] In reciting the facts we use the minor child's initials, rather than their name, to protect
their privacy.

favorable to the plaintiff." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018). We also accept as true "the facts that are revealed by the exhibits attached to the [complaint], and the facts that reasonably may be inferred from those sources." *Goode v. Burke Town Plaza*, 246 Va. 407, 408 (1993). "But we are not bound by the pleader's conclusions of law that are couched as facts." *Theologis v. Weiler*, 76 Va. App. 596, 600 (2023).

On January 27, 2021, Stallard filed a request for a protective order against Craft in the juvenile and domestic relations district court ("JDR court"). Stallard appeared ex parte and submitted an affidavit in support of her request. In the affidavit, Stallard alleged:

> On [January 26, 2021], at approx. 4pm, my son [L.C.] and I came . . . home . . . after I picked my son up at daycare. We sat down to finish his homework. I told Jason [Craft] that [L.C.] and I were going to leave and spend the night at the apartment I've rented. There was tension because of a court hearing earlier in the day which was continued. Jason stated loudly and angrily with red face I could not take [L.C.] from the home he was raised in. I told him I have every right to take [L.C.]. He stated I could not take him away. He went out the front door of the house and slammed it shut and stood by my vehicle to make a phone call. I felt we were being prevented from leaving the home. My son sat between us during the altercation. I asked him if he wanted to leave. He said he was afraid to make dad madder. There has been prior history of volatile behavior that has escalated to physical altercations. I fear if I leave them alone it could escalate to more violence.

The JDR court issued a preliminary protective order the same day. In the order, the JDR court temporarily prohibited Craft from having contact of any kind with Stallard and L.C.; granted Stallard exclusive possession of the family residence, to the exclusion of Craft; granted Stallard temporary custody of L.C.; ordered Craft to pay Stallard $250 for support within 10 days; and scheduled a full hearing on the petition for a protective order to be held on January 29, 2021.

On January 29, 2021, after the hearing, the JDR court entered an order dissolving the preliminary protective order. The record does not include a transcript of the hearing. In an order

entered that same day, the JDR court stated, "Based on the evidence presented, the [c]ourt finds that sufficient reason exists for the dissolution of the protective order described above."

Craft subsequently initiated this action in the circuit court in February 2021. Craft did not explicitly identify a cause of action in the complaint. Rather, he alleged the facts recited above, attaching as exhibits copies of the preliminary protective order and the order dissolving the protective order. He further alleged that Stallard sought and obtained the preliminary protective order "willfully, maliciously, wantonly, with callous disregard of the consequences to Jason Mitchell Craft, and without any reasonable or legal cause whatsoever." He asserted that Stallard "instigated and procured the Protective Order falsely, maliciously, and with an intent to improve her position in the litigation of her divorce."

Craft also alleged that due to the protective order action, he suffered severe emotional distress, anxiety, and mental anguish, was unable to sleep or eat normally, was required to spend substantial time away from his employment, and was required to expend substantial sums of money to defend against a "wholly frivolous proceeding." Craft requested $150,000 in compensatory damages and $150,000 in punitive damages.

Stallard filed a motion to dismiss, arguing that the complaint attempted and failed to state a claim for abuse of process. After a hearing, the circuit court took the motion to dismiss "under advisement until all evidence is before the [c]ourt."

In May 2023, Craft moved to amend the complaint. The only amendment he sought to make was to strike one clause from one paragraph, as follows:

> The Defendant instigated and procured the Protective Order
> falsely, maliciously, and with an intent to improve her position in
> the litigation of her divorce; this being and constituting a misusage
> of the legal process.

The purpose of that deletion, according to Craft, was "to eliminate any possible confusion and in light of the opinion of *Eubank v. Thomas*[, 300 Va. 201 (2021)]," a case involving both

- 3 -

malicious prosecution and abuse of process claims. 300 Va. at 204. The circuit court granted the motion to amend.

Stallard filed a demurrer to the amended complaint. She argued that Craft had failed to state a claim for malicious prosecution on three grounds: (1) that Craft "allege[d] the affidavit filed to obtain a lawful protective order was falsified in order to gain an advantage in her divorce, yet defendant fails to plead how she gained an advantage in the divorce action, or how [Stallard's] statements were false or adequately describe what theory of recovery comes from a false or even partially false statement," (2) that Craft's "damages fail to enumerate a financial loss from the divorce caused by the Protective Order," and (3) that Craft "state[d] the process was malicious, thus implying malicious prosecution against [Craft], however, malicious prosecution involves actual criminal proceedings . . . . A protective order is a civil action- not criminal, as a result an action involving malicious prosecution cannot stand."[2]

Craft filed a response to the demurrer, clarifying in it that his complaint alleged a claim for malicious prosecution. In response, Stallard filed a pleading setting forth the elements of malicious prosecution, and then argued again that a claim for malicious prosecution involves only criminal, rather than civil, proceedings.

At a hearing on February 21, 2024, the circuit court sustained the demurrer. Craft requested leave to amend the complaint. The court denied the motion to amend "and stated the case had progressed over an extended period and that a request for the amended complaint had already been made and granted, which left the court in the procedur[al] posture it now found itself." The circuit court then entered a final order reflecting its rulings. Regarding the demurrer, the court concluded that the amended complaint was "insufficient as a matter of law in

---

[2] Not related to a claim of malicious prosecution, Stallard also alleged that Craft's complaint failed to state a claim for intentional infliction of emotional distress.

that it does not allege facts supporting a ground of malicious prosecution." The final order did not otherwise explain the basis of the court's ruling. This appeal followed.

ANALYSIS

Craft argues that the circuit court erred by concluding the complaint failed to state a claim for malicious prosecution and sustaining the demurrer.

"[W]e review a circuit court's judgment sustaining a demurrer de novo." *Vlaming v. W. Point Sch. Bd.*, 302 Va. 504, 527 (2023) (quoting *Eubank*, 300 Va. at 206). "The purpose of a demurrer is to determine whether the pleading and any proper attachments state a cause of action upon which relief can be given." *Young-Allen v. Bank of Am.*, 298 Va. 462, 467 (2020) (quoting *Steward v. Holland Family Prop., LLC*, 284 Va. 282, 286 (2012)). "A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Seymour v. Roanoke Cnty. Bd. of Supervisors*, 301 Va. 156, 164 (2022) (quoting *Coutlakis v. CSX Transp., Inc.*, 293 Va. 212, 216 (2017)). Thus, "[a] circuit court 'is not permitted on demurrer to evaluate and decide the merits of the allegations set forth in a . . . complaint.'" *Id.* (second alteration in original) (quoting *Riverview Farm Assocs. Va. Gen. P'ship v. Bd. of Supervisors*, 259 Va. 419, 427 (2000)). "In deciding whether to sustain a demurrer, the sole question before the trial court [and before this Court on appeal] is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against a defendant." *Pendleton v. Newsome*, 290 Va. 162, 171 (2015). As previously noted, "we accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff." *Coward*, 295 Va. at 358.

In addition, Code § 8.01-273(A) requires that each demurrant "state specifically the grounds on which the demurrant concludes that the pleading is insufficient at law," and "[n]o grounds other than those stated specifically in the demurrer shall be considered by the court." Thus, on appeal,

- 5 -

this Court "may affirm an order sustaining a demurrer only on a ground that the defendant raised in the trial court." *Theologis*, 76 Va. App. at 604.

In the final order, the circuit court concluded that the complaint was "insufficient as a matter of law in that it does not allege facts supporting a ground of malicious prosecution," but did not specify in what manner Craft failed to adequately plead the claim. To determine whether the circuit court erred in sustaining the demurrer, we review only the grounds raised by Stallard in her demurrer, as we are constrained to do on appeal. *See id.*; *see also Campbell v. Bettius*, 244 Va. 347, 351 (1992) ("The trial court did not identify the ground or grounds on which it granted the demurrer, so we consider both grounds raised by [the defendant] in order.").

Stallard alleged that Craft's complaint was deficient in three ways: (1) that Craft failed to adequately plead that Stallard's statements in support of her request for the protective order were false, (2) that Craft failed to adequately plead damages, and (3) that a malicious prosecution claim can only be based upon prior criminal actions, not civil.[3]

Turning to the first ground, Stallard argued that Craft failed to plead how her statements made in obtaining a protective order were false. But that argument fails to address any of the elements of a malicious prosecution claim. "A plaintiff alleging malicious prosecution must plead and prove by a preponderance of the evidence that the prosecution was (1) malicious, (2) instituted by or with the cooperation of the defendant(s), (3) without probable cause, and (4) terminated in a manner not unfavorable to the plaintiff." *Eubank*, 300 Va. at 208 (footnote omitted). A malicious prosecution claim involves a prosecution that is "without probable cause," a specific legal term that differs from an allegation that statements were falsely made. In malicious prosecution actions, "[w]e have defined probable cause as 'knowledge of such a state

---

[3] Stallard also argued that the complaint did not allege the elements of an intentional infliction of emotional distress claim; however, as noted above, Craft's later pleading clarified that he was pursuing only a claim for malicious prosecution.

of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected.'" *Lewis v. Kei*, 281 Va. 715, 723 (2011) (quoting *Commissary Concepts Mgmt. Corp. v. Mziguir*, 267 Va. 586, 590 (2004)). The relevant question "is whether the facts and circumstances known . . . to the [defendant] are sufficient to justify a prudent and reasonable man in the belief that an accused is guilty of the crime charged" or civilly liable, as the case may be. *Eubank*, 300 Va. at 209 (quoting *Giant of Va., Inc. v. Pigg*, 207 Va. 679, 684 (1967)). Thus, in pursuing his malicious prosecution claim, Craft had to prove that Stallard initiated the prosecution where the "facts and circumstances known" to her were not "sufficient to justify a prudent and reasonable man in the belief" that the protective order should have been issued. *Id.* In her demurrer, Stallard did not assert that Craft had failed to make this allegation; rather, she specifically stated that Craft "fail[ed] to plead how she gained an advantage in the divorce action, or how [Stallard's] statements were false." But Craft did not need to allege how Stallard's statements were false. Instead, he had to allege that a reasonable person would have believed that the standard for the issuance of a protective order was not met based on the facts known to Stallard. Because Stallard's first argument for the demurrer did not specifically address an element of a malicious prosecution claim, it did not provide a valid ground for the circuit court to sustain the demurrer.[4]

Stallard's second ground for the demurrer was that the complaint failed to adequately plead damages, asserting that Craft's "damages fail to enumerate a financial loss from the divorce caused by the Protective Order." But while Craft failed to state that he incurred a

---

[4] We also note that Stallard's assertion that Craft failed to plead facts regarding how her statements in obtaining the protective order were false does not equate to an assertion that Craft failed to plead that she obtained the protective order maliciously. An allegation that a statement was made falsely is not the same as an allegation that a statement was made maliciously; thus, Stallard's demurrer also failed to challenge the element of malicious prosecution requiring that that the prosecution was malicious.

financial loss related to his divorce from Stallard caused by the issuance of the preliminary protective order, he did allege other financial losses related to the protective order. Specifically, he alleged that he was required to spend time away from his employment and was required to spend money to defend against the proceeding. Further, he also alleged that due to the protective order action, he suffered severe emotional distress, anxiety, and mental anguish. "Distress and harm to a person's reputation naturally result from a malicious prosecution. Such damages are known as general damages, are presumed in law, and no special proof of harm is required." *Spitzer v. Clatterbuck*, 202 Va. 1001, 1007 (1961). Thus, we conclude that Stallard's damages argument also did not provide a valid ground for the circuit court to sustain her demurrer.

Third, and finally, Stallard alleged that a malicious prosecution claim can only be based upon prior criminal actions, not civil. This argument, however, is easily dispensed with, as prior Virginia case law instructs that a malicious prosecution claim can arise from a civil proceeding. *See Donohoe Constr. Co. v. Mt. Vernon Assocs.*, 235 Va. 531, 540 (1988) (recognizing that "a cause of action for malicious prosecution will lie for the malicious institution of a groundless civil proceeding"). This final ground also does not provide support for the circuit court's sustaining of Stallard's demurrer.

Code § 8.01-273 prevents this Court from permitting a defendant to benefit from an argument that it did not raise in its own demurrer. Because none of the grounds raised in

Stallard's demurrer were adequate to sustain the demurrer, we thus conclude that the circuit court erred in doing so.[5]

CONCLUSION

Because we find that Stallard's demurrer did not raise any grounds warranting the circuit court's sustaining of Craft's demurrer, we conclude that the circuit court erred in its action sustaining the demurrer. Accordingly, we reverse the court's judgment sustaining the demurrer and remand this case for further proceedings.

*Reversed and remanded.*

---

[5] Craft also asserts that the circuit court abused its discretion by denying him leave to amend his complaint. Because our determination of his first assignment of error is dispositive as to the resolution of the appeal, we conclude that any discussion of this argument is unnecessary. *See Kirby v. Commonwealth*, 50 Va. App. 691, 698 n.2 (2007) ("[W]e seek to decide cases 'on the best and narrowest ground available' from the record." (quoting *Miles v. Commonwealth*, 274 Va. 1, 2 (2007))).