Present:  All the Justices

ANGELA D. WHITLEY

v.  Record No. 020338    OPINION BY JUSTICE ELIZABETH B. LACY
                                         January 10, 2003
THOMAS L. CHAMOURIS, JR.

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

The sole issue in this appeal is whether expert testimony is required to establish proximate causation in a legal malpractice action.

Thomas L. Chamouris, Jr., engaged Angela D. Whitley to represent him in an action against his former employer. Whitley filed suit in federal court on Chamouris' behalf alleging racial discrimination, intentional infliction of emotional distress, tortious interference with contract, and defamation.  One week before trial, without Chamouris' consent, Whitley agreed to a voluntary dismissal with prejudice of Chamouris' claims of discrimination, intentional infliction of emotional distress, and tortious interference with contract.  Whitley preserved Chamouris' defamation claim and re-filed it in state court; however Chamouris subsequently fired Whitley and hired a new attorney to prosecute that claim.  Chamouris and his new attorney settled the defamation claim for approximately $20,000.

Chamouris sued Whitley for legal malpractice and breach of contract alleging that she dismissed his federal claims without his knowledge or permission. The trial court granted Chamouris' motion to enter judgment in Chamouris' favor on the issues of negligence and breach of contract and to submit only the issues of proximate cause and damages to the jury. The jury returned a verdict in favor of Chamouris and set damages at $62,000. Whitley filed a motion to set aside the verdict arguing that Chamouris was required to, but did not, present expert testimony on the issue of proximate causation. The trial court denied Whitley's motion and entered judgment on the jury verdict. Whitley appeals this ruling of the trial court.

Whitley asserts that expert testimony was required to inform the jury whether Chamouris would have prevailed in his federal claims. In support of this proposition, Whitley relies on a number of our previous cases in which we have recited that the questions of negligence and proximate causation in a legal malpractice action are decided by the fact finder after considering testimony of expert witnesses. Ripper v. Bain, 253 Va. 197, 202-03, 482 S.E.2d 832, 836 (1997); Heyward & Lee Constr. Co. v. Sands, Anderson, Marks & Miller, 249 Va. 54, 57, 453 S.E.2d 270, 272 (1995); Seaward Int'l, Inc. v. Price Waterhouse, 239 Va. 585, 591-92, 391

S.E.2d 283, 287 (1990). However, these cases do not stand for the proposition that such expert testimony is required in each instance. In Ripper v. Bain, for example, expert testimony was provided on the issue of negligence, but the causation and damage evidence was provided solely by the lay testimony of the clients. 253 Va. at 203-04, 482 S.E.2d at 836.

More importantly, a legal malpractice case such as this one involves a "case within the case." The plaintiff must present virtually the same evidence that would have been presented in the underlying action. Similarly, the defendant is entitled to present evidence and assert defenses that would have been presented in the underlying action. In order to show proximate cause and resulting damages, a plaintiff must present sufficient evidence to convince the fact finder in the malpractice case that he would have prevailed in the underlying case absent the attorney's alleged negligence. Campbell v. Bettius, 244 Va. 347, 352, 421 S.E.2d 433, 436 (1992).

The expert testimony Whitley maintains was necessary requires either a prediction of what some other fact finder would have concluded or an evaluation of the legal merits of Chamouris' claims. No witness can predict the decision of a jury and, therefore, the former could not be the subject of expert testimony. The latter, as the trial court noted, would

3

be improper because it would be legal opinion.  Code § 8.01-401.3(B).

Accordingly, we conclude that the trial court did not err in holding that expert testimony was not required to prove causation in this legal malpractice action.  The judgment of the trial court will be affirmed.

<u>Affirmed.</u>