PRESENT: All the Justices

LEO WILLIAMS

v.   Record No. 080751                    OPINION BY
                                 JUSTICE BARBARA MILANO KEENAN
                                          June 4, 2009
LOUIS N. JOYNES, II, ET AL.


           FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                     Dean W. Sword, Jr., Judge

     In this legal malpractice action, we consider whether the

circuit court erred in granting summary judgment for the

defendant attorneys.  The circuit court held that the

plaintiff's failure to file a personal injury action in a

foreign jurisdiction was a superseding event, which severed the

link of proximate causation between the defendants' failure to

timely file a personal injury action in Virginia and the

plaintiff's loss of his personal injury claim.

     In October 2003, Leo Williams retained Louis N. Joynes, II

and David S. Dildy of The Joynes & Gaidies Law Group, P.C.

(collectively, Joynes) to represent him regarding a personal

injury claim.  The claim was based on a May 12, 2003 automobile

accident involving Williams and two other drivers, Alan D.

Brown, a Virginia resident, and Patrick Kiker, a Maryland

resident.  The collision occurred while Williams' vehicle was

stopped in traffic in Fairfax County.  A truck driven by Kiker

and owned by Millstone Enterprises, Inc. (Millstone) hit the

rear of Brown's vehicle, which in turn struck Williams' vehicle from behind.

As a result of the impact, Williams sustained injuries to his neck and spine, including a herniated vertebral disc that required surgery. Williams alleged that due to the injuries he sustained in the accident, he incurred more than $100,000 in medical expenses, was unable to work for 16 months, and lost more than $200,000 in income and benefits.

On June 1, 2005, Joynes filed a motion for judgment on Williams' behalf against Brown, Kiker, and Millstone in the Circuit Court of the City of Virginia Beach. Two months later, Joynes notified Williams that the lawsuit had not been timely filed within the two-year statute of limitations governing personal injury actions in Virginia. Joynes advised Williams that although his Virginia action was time-barred, Williams still might be able to file an action against Kiker and Millstone in Maryland, based on that state's three-year statute of limitations.

Joynes conceded, however, that because Brown was a Virginia resident, Brown would not be subject to suit in Maryland. Joynes further advised Williams that he may have a malpractice claim against Joynes, and that Williams should consider hiring other counsel to explore this possibility.

In January 2006, Williams filed a complaint in the Circuit Court of the City of Portsmouth alleging legal malpractice against Joynes. Williams alleged that "[b]ut for the neglect and careless actions" of Joynes in failing to file a timely Virginia action, Williams would have recovered damages against Brown, Kiker, and Millstone.

Williams further alleged that he filed the legal malpractice action after having spent "countless hours" over a period of several months trying to engage a Maryland attorney to pursue the personal injury claim in that state. Williams asserted that most of the Maryland attorneys he consulted advised him that "there were too many problems with bringing the case in Maryland." Williams asserted that these "problems" included the increased expense of litigating in a foreign jurisdiction, the unavailability in Maryland of "necessary" witnesses who were Virginia residents, and the unique challenges posed in trying a case with one of two primary tortfeasors absent from the courtroom. Williams maintained that he acted on this advice when he decided not to file a legal action in Maryland.

In response, Joynes filed a motion for summary judgment. Joynes asserted that Williams' independent decision not to file a Maryland lawsuit severed any causal link between Joynes' negligence and the loss of Williams' personal injury action.

3

After conducting a hearing on the summary judgment motion, the circuit court issued a letter opinion holding that Joynes was entitled to partial summary judgment. The circuit court observed that Williams had conceded that he could have filed a timely action against Kiker and Millstone in Maryland. The circuit court reasoned that because Williams still had a viable cause of action in Maryland after Joynes' negligent failure to file a timely action in Virginia, Williams' decision not to file suit in Maryland was "an intervening act that sever[ed] any connection between the negligent act of the defendants and the loss claimed by [Williams]." The circuit court concluded that, therefore, Williams' own inaction was the superseding cause of the loss of his personal injury claim.

The circuit court additionally held, however, that Williams was entitled to recover from Joynes the expenses Williams incurred in seeking legal advice in Maryland as a direct result of Joynes' negligence. The circuit court awarded judgment for Williams in the amount of $423.76, for the expenses Williams incurred in his attempt to obtain an attorney to litigate an action in Maryland. Williams appealed from the circuit court's judgment.

On appeal, Williams argues that even if he could have filed a timely action in Maryland, his abandonment of that right was not a superseding cause of his damages. Williams contends that

4

the circuit court wrongly assumed that a Maryland lawsuit would have been the qualitative equivalent of the time-barred Virginia action, and ignored the fact that one of the two primary tortfeasors was not subject to suit in Maryland. Williams maintains that based on these errors, the circuit court incorrectly decided the issue of superseding causation. Williams also argues that the question whether he should have filed a lawsuit in Maryland presented a jury question that properly related to mitigation of damages, not to proximate causation.

In response, Joynes observes that there was a time period after Joynes' negligent failure to timely file the Virginia action during which Williams had a viable claim in Maryland against Kiker and Millstone. Joynes argues that, therefore, Joynes' failure to timely file the Virginia action was not a proximate cause of Williams' loss of the right to bring a personal injury action. Thus, Joynes contends, the circuit court properly held that Williams' own inaction was a superseding cause of Williams' injury that relieved Joynes of liability for Williams' loss of the personal injury action. Joynes additionally contends that it would be "impermissibly speculative" to ask a jury to consider the "qualitative[]" differences between the time-barred Virginia litigation and a

hypothetical Maryland lawsuit.  We disagree with Joynes'
analysis.

In deciding whether the circuit court erred in awarding
partial summary judgment to Joynes, certain general principles
govern our inquiry.  A cause of action for legal malpractice has
three separate elements: 1) the existence of an attorney-client
relationship creating a duty; 2) a breach of that duty by the
attorney; and 3) damages that were proximately caused by the
attorney's breach of duty.  Shipman v. Kruck, 267 Va. 495, 501,
593 S.E.2d 319, 322 (2004); Rutter v. Jones, Blechman, Woltz &
Kelly, P.C., 264 Va. 310, 313, 568 S.E.2d 693, 695 (2002);
Allied Productions v. Duesterdick, 217 Va. 763, 766, 232 S.E.2d
774, 776 (1977).  A plaintiff in a legal malpractice action
bears the burden of proving all three elements.  See Campbell v.
Bettius, 244 Va. 347, 352, 421 S.E.2d 433, 436 (1992); Duvall,
Blackburn, Hale & Downey v. Siddiqui, 243 Va. 494, 497, 416
S.E.2d 448, 450 (1992).

A legal malpractice action usually involves a "case within
the case," in which the plaintiff must present evidence that
would have been presented in the underlying action.  Whitley v.
Chamouris, 265 Va. 9, 11, 574 S.E.2d 251, 252-53 (2003).  There
must be sufficient evidence of a breach of duty and of proximate
causation and damages to convince the trier of fact in the
malpractice case that, in the absence of the attorney's alleged

6

negligence, the plaintiff would have prevailed in the underlying action.  Id. at 11, 574 S.E.2d at 252-53; Campbell, 244 Va. at 352, 421 S.E.2d at 436.

We have stated that a "proximate cause" is an act or omission that, in natural and continuous sequence unbroken by a superseding cause, produces a particular event and without which that event would not have occurred.  Williams v. Le, 276 Va. 161, 167, 662 S.E.2d 73, 77 (2008); Jenkins v. Payne, 251 Va. 122, 128, 465 S.E.2d 795, 799 (1996); Beale v. Jones, 210 Va. 519, 522, 171 S.E.2d 851, 853 (1970).  An event may have more than one proximate cause and, under certain circumstances, a proximate cause may also be a superseding cause that severs the link of proximate causation between the initial negligent act and the resulting harm, thereby relieving the initial tortfeasor of liability.  Williams, 276 Va. at 167, 662 S.E.2d at 77; Jenkins, 251 Va. at 128-29, 465 S.E.2d at 799; Coleman v. Blankenship Oil Corp., 221 Va. 124, 131, 267 S.E.2d 143, 147 (1980).

A superseding cause occurs only when an intervening act so entirely supplants the operation of the initial tortfeasor's negligence that the intervening act alone, without any contributing negligence by the initial tortfeasor in the slightest degree, causes the injury.  Williams, 276 Va. at 167, 662 S.E.2d at 77; Atkinson v. Scheer, 256 Va. 448, 454, 508

7

S.E.2d 68, 72 (1998); Jenkins, 251 Va. at 129, 465 S.E.2d at 799; Coleman, 221 Va. at 131, 267 S.E.2d at 147. Therefore, a superseding cause is a new cause of a plaintiff's injury, becoming the only proximate cause of that injury. Atkinson, 256 Va. at 454, 508 S.E.2d at 72; Jenkins, 251 Va. at 128-29, 465 S.E.2d at 799; Maroulis v. Elliott, 207 Va. 503, 510-11, 151 S.E.2d 339, 345 (1966). An intervening act will never be deemed a superseding cause if the intervening act was set in motion by the initial tortfeasor's negligence. Philip Morris Inc. v. Emerson, 235 Va. 380, 397, 368 S.E.2d 268, 277 (1988); Coleman, 221 Va. at 131, 267 S.E.2d at 147; Jefferson Hospital, Inc. v. Van Lear, 186 Va. 74, 81, 41 S.E.2d 441, 444 (1947).

In the present case, the circuit court held that Williams' failure to file a lawsuit in Maryland was a superseding cause "that sever[ed] any connection between the negligent act of [Joynes] and the loss claimed by [Williams]." Thus, in deciding this issue by summary judgment, the circuit court concluded as a matter of law that Williams' failure to initiate litigation in Maryland became the sole proximate cause of his lost personal injury claim, relieving Joynes of any liability for Joynes' failure to timely file the Virginia lawsuit.

In reaching this conclusion, however, the circuit court misapplied the principle of superseding cause in two distinct respects. First, the circuit court's analysis did not account

8

for the fact that Joynes' own negligent failure to file a Virginia action set in motion the need for Williams to consider filing a Maryland lawsuit.  As a matter of law, this fact alone defeated Joynes' assertion that Williams' failure to file a Maryland lawsuit was a superseding cause that relieved Joynes of liability for Williams' loss of his personal injury action.  See Williams, 276 Va. at 167, 662 S.E.2d at 77; Philip Morris Inc., 235 Va. at 397, 368 S.E.2d at 277; Jefferson Hospital, Inc., 186 Va. at 81, 41 S.E.2d at 444.

Second, the circuit court's analysis failed to consider the undisputed fact that Brown, one of the two primary tortfeasors in the underlying accident, was not subject to suit in Maryland. Having lost forever the right to bring a personal injury action against Brown because of Joynes' negligence, Williams' decision regarding Maryland litigation could not have severed completely the link of proximate causation between Joynes' negligence and Williams' loss of his personal injury claim against Brown. Accordingly, we hold that the circuit court erred in granting partial summary judgment to Joynes because, as a matter of law, Williams' failure to file a Maryland lawsuit was not a superseding event severing the link of proximate causation between Joynes' negligence and the resulting harm suffered by Williams.  See Atkinson, 256 Va. at 454, 508 S.E. 2d at 72;

9

Jenkins, 251 Va. at 128-29, 465 S.E.2d at 799; Maroulis, 207 Va. at 510-11, 151 S.E.2d at 345.

Finally, we observe that the circuit court's award of partial summary judgment was based solely on the issue of superseding causation and did not address other issues of proximate causation or the question of mitigation of damages. Therefore, although our holding here removes the issue of superseding causation from the case, all other issues, including the question whether Williams' failure to initiate a Maryland action permits a defense that he failed to mitigate his damages, remain issues for resolution at trial of this case.

For these reasons, we will reverse the circuit court's judgment, including its award of partial summary judgment in favor of Joynes, and will remand the case for trial on the merits.

Reversed and remanded.