**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1679**

GLEN FLETCHER,

            Plaintiff - Appellant,

       and

LUCILLE FLETCHER; LUCY FLETCHER,

            Plaintiffs,

       v.

PIZZA HUT OF AMERICA, INCORPORATED,

            Defendant - Appellee,

       and

YUM! BRANDS, INCORPORATED,

            Defendant.


Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Anthony J. Trenga,
District Judge. (1:08-cv-00815-AJT-TCB)


Argued: October 26, 2010          Decided: January 4, 2011


Before KEENAN and WYNN, Circuit Judges, and Bobby R. BALDOCK,
Senior Circuit Judge of the United States Court of Appeals for
the Tenth Circuit, sitting by designation.

Affirmed by unpublished opinion. Judge Keenan wrote the opinion, in which Judge Wynn and Senior Judge Baldock joined.

——————————

**ARGUED:** Douglas Bell Wessel, WESSEL LAW OFFICES, Reston, Virginia, for Appellant. Charles Michael Sims, LECLAIRRYAN, PC, Richmond, Virginia, for Appellee. **ON BRIEF:** Tracy Taylor Hague, Joanna L. Faust, LECLAIRRYAN, PC, Richmond, Virginia, for Appellee.

——————————

Unpublished opinions are not binding precedent in this circuit.

KEENAN, Circuit Judge:

This appeal in a personal injury case arises from an automobile accident in which the plaintiff, Glen Fletcher, suffered injuries when his vehicle was struck by a car driven by Rene Ayala, who drove into an intersection in violation of a red traffic signal. Ayala is not a party to this case. Fletcher brought this action against Pizza Hut of America, Inc. (Pizza Hut), alleging that Pizza Hut was directly and vicariously liable for Fletcher's injuries based on the presence of a car, owned by a Pizza Hut delivery driver, which was disabled in a traffic lane at the intersection where the accident occurred. After a trial, the jury returned a verdict in favor of Pizza Hut.

On appeal, Fletcher raises numerous issues that we do not reach, because we conclude as a matter of law that Ayala's negligence was the sole proximate cause of the accident, superseding any alleged negligence on the part of Pizza Hut or its employees. We therefore affirm the district court's judgment.

I.

In 2008, Fletcher filed a complaint against Pizza Hut in a state court in Virginia, seeking monetary damages for injuries he suffered as the result of the automobile accident. Alleging

3

diversity jurisdiction under 28 U.S.C. § 1332(a), Pizza Hut removed the action to a federal district court in the Eastern District of Virginia.

In his complaint, Fletcher alleged that Nancy Karickhoff, a Pizza Hut employee and the driver of the disabled vehicle, created a traffic hazard by leaving her inoperable vehicle in a left-turn lane leading to the intersection where the collision occurred. Among his allegations of direct and vicarious liability, Fletcher contended that Pizza Hut and its manager breached various duties that arose before Karickhoff's car stalled near the intersection, including a duty to inspect and maintain Karickhoff's vehicle and a duty to refrain from assigning delivery duties to employees with a history of driving unsafe vehicles. Fletcher also contended that Pizza Hut and its manager breached other duties after Karickhoff's car became disabled, including the duty to assist Karickhoff in removing her vehicle from the road.

Fletcher further alleged in his complaint that Pizza Hut was vicariously liable for Karickhoff's acts and omissions. Fletcher asserted that Karickhoff acted negligently before her car stalled by failing to maintain and safely operate the vehicle, and acted negligently after her car became disabled by abandoning it and by failing to remove the vehicle from the roadway as soon as possible.

4

Pizza Hut filed a motion for summary judgment, contending that any negligent acts by Pizza Hut or its employees were not a proximate cause of the accident. Pizza Hut argued that Ayala's negligence, in driving around the Karickhoff vehicle and into the intersection against the red traffic signal, superseded any alleged negligence by Pizza Hut or its employees and was the sole proximate cause of the accident. The district court denied Pizza Hut's motion, stating that, based on the record, the court was unable to conclude as a matter of law that Pizza Hut's alleged negligence did not contribute to the accident.

Before trial, however, the district court dismissed all direct and vicarious liability claims against Pizza Hut for the acts of its manager, holding that Pizza Hut did not have a legal duty to inspect Karickhoff's vehicle, and did not have a duty to assist Karickhoff in removing her disabled vehicle from the road. The case proceeded to a jury trial on the sole remaining issue of Pizza Hut's vicarious liability for Karickhoff's allegedly negligent acts.

The evidence at trial showed that on the date of the accident, Karickhoff was driving an automobile that she owned and used in the performance of her work as a delivery driver for Pizza Hut. Before the accident occurred, Karickhoff was returning to the Pizza Hut store in Manassas, Virginia, after completing a delivery. Karickhoff's car had been experiencing

5

mechanical problems before the day of the accident and, although she had made some minor repairs to the vehicle, she could not afford to pay for additional suggested repairs. Neither Fletcher nor Pizza Hut presented expert testimony at trial regarding the cause of Karickhoff's vehicle failure on the day of the accident.

In the process of returning from her delivery assignment to the Pizza Hut restaurant, Karickhoff's car stalled in the northbound left-turn lane of Sudley Road, where that highway intersects with Coverstone Drive. At this intersection, Sudley Road has three northbound "through" lanes and one left-turn lane. In the southbound direction, Sudley Road has three "through" lanes and two left-turn lanes. Each lane of traffic in both directions is controlled by a separate traffic signal.

The traffic signals controlling the intersection operate in the following sequence. After the signals governing the turn lanes change from green arrows to red lights, the signals governing the "through" lanes change from red lights to green lights. Therefore, the traffic signals governing the turn lanes never display green arrows at the same time that the signals for the "through" lanes display green lights. The evidence also showed that the traffic signals at this intersection were operating in proper sequence on the day of the accident.

6

After Karickhoff's car stalled in the left-turn lane, she engaged the vehicle's hazard lights, raised its hood, and pushed the car as close to the median as possible. Although Karickhoff's vehicle did not obstruct the view of the traffic signals for drivers located behind her vehicle, the car continued to block most of the left-turn lane in the position nearest the traffic signal.

Karickhoff left her car and walked to the nearby Pizza Hut store to inform the manager that her car had become disabled. The manager instructed Karickhoff to retrieve the Pizza Hut sign from the roof of the car. Karickhoff complied with this instruction, and brought the sign back to the store.

A few minutes later, Karickhoff returned to her disabled car to speak with a police officer who had arrived on the scene. After the police officer requested that a towing service remove Karickhoff's car, Karickhoff returned to the Pizza Hut store. The evidence did not indicate that the police officer directed traffic or took any other measures to ensure that the traffic passed safely around Karickhoff's vehicle. About seven minutes after Karickhoff returned to the Pizza Hut store and forty-five minutes after Karickhoff's car initially stalled, the accident occurred.

When Ayala stopped his car behind Karickhoff's disabled vehicle, the traffic signals governing the adjacent "through"

7

lane turned from red to green. As the traffic in the "through" lanes began to move, Ayala navigated his car into the nearest "through" lane to pass to the right of Karickhoff's vehicle. Ayala turned left onto Cornerstone Drive from the "through" lane, crossing in front of Karickhoff's vehicle, and collided with Fletcher's car, which had proceeded into the intersection in the southbound "through" lane of Sudley Road.

Ayala testified that the last time he saw the traffic signal governing the left-turn lane, the signal displayed a green arrow. Ayala admitted, however, that he may have been mistaken, and that the traffic signal for the left-turn lane may have changed to red before he made the turn.

Several witnesses to the accident testified regarding their observations at the accident scene. One witness, who was driving a vehicle directly behind Ayala in the left-turn lane, stated that when Ayala maneuvered his car around Karickhoff's stalled vehicle and through the intersection, the traffic signal for the left-turn lane already had turned red. Another witness, who was driving in the southbound "through" lane next to Fletcher's car, stated that the traffic signals governing the southbound "through" lanes of Sudley Road displayed green lights for several seconds before Ayala's car entered the intersection.

A third witness, whose car was directly behind Fletcher's vehicle, also stated that the traffic signal governing the

8

southbound "through" lanes had "turned green" when he saw Ayala's car traveling "fairly fast" through the intersection. Finally, Lucy Fletcher, Fletcher's wife, who was driving the vehicle in which Fletcher was a passenger, testified that after the traffic signal governing her southbound "through" lane turned green, she drove her car straight into the intersection.

After Fletcher presented his evidence, Pizza Hut moved for a directed verdict. The district court granted the motion in part, concluding that Fletcher's evidence was insufficient to prove that Pizza Hut or its employees acted negligently before Karickhoff's car stalled, or that any such conduct was a proximate cause of the accident. After this ruling, the only issues remaining for the jury's consideration were whether Karickhoff acted negligently after her car stalled, and whether any such negligence was a proximate cause of the accident.

At the close of all the evidence, the district court instructed the jury on several different principles, including negligence, proximate causation, and superseding causation. The jury returned its verdict in favor of Pizza Hut. Completing a special verdict form, the jury concluded that Karickhoff had not acted negligently after her car became disabled.

In accordance with the jury verdict, the district court entered judgment in favor of Pizza Hut. Fletcher filed a motion

9

for a new trial, which the district court denied. Fletcher timely noted this appeal.

## II.

On appeal, Fletcher asserts that the district court committed numerous errors. Among these alleged errors, Fletcher contends that the district court erred in dismissing before trial his claim that Pizza Hut was both directly and vicariously liable for the acts of its manager. Fletcher also argues that the district court erred in excluding from the jury's consideration his claim that Karickhoff acted negligently before her car became disabled. Additionally, Fletcher raises several arguments relating to the district court's refusal of various jury instructions, including a requested instruction addressing the allegedly prejudicial statements made by Pizza Hut's counsel during closing argument.

In its brief and during oral argument, Pizza Hut addressed each of Fletcher's contentions. However, Pizza Hut urges that we affirm the district court's judgment on an alternate basis, namely, that, as a matter of law, Ayala's negligence was the sole proximate cause of Fletcher's injury. According to Pizza Hut, Ayala's reckless conduct entirely superseded any potential negligence on the part of Pizza Hut or its employees.

10

In response to Pizza Hut's proximate causation argument, Fletcher contends that the negligent acts and omissions of Pizza Hut and its employees created a continuing, dangerous condition, and that Ayala's conduct arose from that dangerous condition. Fletcher asserts that this dangerous condition required drivers in the left-turn lane, who were positioned behind Karickhoff's disabled vehicle, to disobey either the traffic signal governing the "through" lane or the signal controlling the left-turn lane. Accordingly, Fletcher argues that Karickhoff's negligent conduct set in motion Ayala's negligent acts, and that Ayala's negligence was not a superseding cause of the accident.

Upon consideration of these arguments, we agree with Pizza Hut that this appeal should be resolved on the ground that, as a matter of law, Ayala's negligence was the sole proximate cause of the accident. Pizza Hut advanced this proximate causation argument in the district court in both its motion for summary judgment and its motion for a directed verdict. Therefore, despite the fact that the jury returned a verdict for Pizza Hut on different grounds, Pizza Hut was not required to file a cross-appeal to preserve this issue for our consideration. See Blum v. Bacon, 457 U.S. 132, 137 n.5 (1982)(explaining that an appellee may rely upon any matter appearing in the record to support the judgment and need not file a cross-appeal). Additionally, we have explained that courts of appeal may affirm

11

a judgment on any ground appearing in the record. Toll Bros., Inc. v Dryvit Sys., Inc., 432 F.3d 564, 572 (4th Cir. 2005); MM v. Sch. Dist. of Greenville Cnty., 303 F.3d 523, 536 (4th Cir. 2002).

III.

The district court considered this negligence action under its diversity jurisdiction, and properly concluded that the substantive law of Virginia is controlling. See Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 599-600 (4th Cir. 2004). The record before us presents a textbook case of superseding causation under Virginia law. Therefore, we begin our analysis by stating the applicable principles of proximate causation.

A proximate cause of an event is an act which, in natural and continuous sequence produces the event, and without which that event would not have occurred. Kellermann v. McDonough, 684 S.E.2d 786, 793 (Va. 2009). Under certain conditions, a proximate cause may also be a superseding cause. Williams v. Joynes, 677 S.E.2d 261, 264 (Va. 2009).

A superseding cause is an intervening act that severs the potential link of proximate causation between an initial act of negligence and the resulting harm, thereby relieving the initial negligent actor of any liability. Id. By entirely supplanting

12

an initial act of negligence, a superseding cause alone causes the plaintiff's injury and is the only proximate cause of that injury. Id.; Williams v. Le, 662 S.E.2d 73, 77 (Va. 2008); Jenkins v. Payne, 465 S.E.2d 795, 799 (Va. 1996).

When a superseding cause occurs, the condition created by the initial act of negligence becomes merely a "circumstance of the accident," and the initial negligent actor is "legally insulated" from liability. Hubbard v. Murray, 3 S.E.2d 397, 401 (Va. 1939). An intervening act may not be deemed a superseding cause, however, if the intervening act was set in motion by the initial act of negligence. Joynes, 677 S.E.2d at 264; Philip Morris Inc. v. Emerson, 368 S.E.2d 268, 277 (Va. 1988).

Within this conceptual framework, we assume, without deciding, that Pizza Hut, directly or vicariously through its employees, acted negligently and consider whether such negligence became a mere circumstance of the accident as a result of Ayala's intervening negligent acts. In other words, we must decide whether Ayala's actions so eclipsed any negligence by Pizza Hut or its employees that, as a matter of law, Ayala's actions became the sole proximate cause of the accident.

During his testimony, Ayala admitted that the traffic signal for the left-turn lane may have changed to red before he crossed from the adjacent "through" lane into the intersection.

13

We consider Ayala's admission in conjunction with the testimony of the witness located directly behind Ayala's car in the left-turn lane, who stated that Ayala moved his car around Karickhoff's vehicle and into the intersection against the red traffic signal governing the left-turn lane. We also consider the undisputed testimony of other witnesses that the traffic signals governing the southbound "through" lanes on Sudley Road had turned green before Ayala drove his car into the intersection.

Based on this testimony, Ayala acted negligently because he disobeyed the red traffic signal governing the left-turn lane, and failed to ensure that he could safely turn left into the intersection. See Va. Code § 46.2-833 (red traffic signal indicates moving traffic shall stop and remain stopped except in direction indicated by lighted green arrow). Because Ayala's actions produced the collision and, without his actions, the accident would not have occurred, Ayala's negligence was, as a matter of law, a proximate cause of the collision between his car and Fletcher's vehicle. See Kellermann, 684 S.E.2d at 793.

The undisputed testimony also showed that Ayala was aware, or by the exercise of ordinary care should have been aware, of the danger created by Pizza Hut or its employees. Despite this awareness, Ayala, disobeying the traffic signal and entering the intersection against oncoming traffic, committed an independent

14

act of negligence that entirely supplanted any prior negligent act by Pizza Hut or its employees. Ayala's acts of negligence thus rendered the condition created by Pizza Hut or its employees a mere circumstance of the accident, legally insulated from liability by Ayala's independent acts of negligence. See Hubbard, 3 S.E.2d at 401.

In reaching this conclusion, we find no merit in Fletcher's argument that the location of the disabled car required Ayala to disobey the red traffic signal. Ayala could have proceeded straight on Sudley Road in one of the "through" lanes, or could have waited in the left-turn lane behind the disabled vehicle until it was towed. These lawful options conclusively demonstrate that Ayala's negligent acts were not set in motion by any negligence on the part of Pizza Hut or its employees. Therefore, Ayala's actions were a superseding cause of Fletcher's injury and, as such, were the sole proximate cause of that injury. See Joynes, 677 S.E.2d at 264.

For these reasons, we hold that, as a matter of law, Ayala's negligence entirely supplanted any negligence on the part of Pizza Hut or its employees. See id. Therefore, on this

independent basis, we conclude that the record supports the district court's judgment, which we hereby affirm.[*]

AFFIRMED

---

[*] Based on this conclusion, we need not consider Fletcher's arguments relating to the district court's holdings limiting the theories of liability presented to the jury, the court's various decisions regarding jury instructions, or the allegedly prejudicial closing argument by counsel for Pizza Hut. Our holding that Ayala's negligence, as a matter of law, was the sole proximate cause of the accident renders these other issues moot.