**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2225**

MATTHEW J. SHORTT,

Plaintiff - Appellant,

v.

IMMIGRATION REFORM LAW INSTITUTE, IRLI; SHARMA HAMMOND, Esq.,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Claude M. Hilton, Senior District Judge.   (1:11-cv-00144-CMH-TCB)

Submitted:  April 18, 2012          Decided:  May 8, 2012

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew J. Shortt, Appellant Pro Se.  William Leonard Mitchell, II, Tracie Noelle Wesner, ECCLESTON & WOLF, PC, Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew J. Shortt appeals the district court's order granting summary judgment to Defendants in his legal malpractice action. We affirm.

This court reviews de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the non-moving party. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). Summary judgment may be granted only when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). For a non-moving party to present a genuine issue of material fact, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

Because neither party quarrels with the district court's decision to apply the substantive law of Virginia, we will do the same. A successful Virginia legal malpractice

plaintiff must demonstrate:  (1) the existence of an attorney-client relationship creating a duty; (2) a breach of that duty by the attorney; and (3) damages that were proximately caused by the attorney's breach of duty.  Williams v. Joynes, 677 S.E.2d 261, 264 (Va. 2009).

Shortt first contends that the district court erred in finding that his failure to set forth expert testimony was fatal to his claim.  Shortt supports his argument with little authority beyond his own astonishment that a court could find otherwise.  Virginia law, however, requires expert testimony in all but the most flagrant of professional malpractice cases: "Unless a malpractice case turns upon matters within the common knowledge of laymen, expert testimony is required to establish the appropriate professional standard, to establish a deviation from that standard, and to establish that such a deviation was the proximate cause of the claimed damages."  Seaward Int'l, Inc. v. Price Waterhouse, 391 S.E.2d 283, 287 (Va. 1990) (internal citations omitted); see also Lyle, Siegel, Croshaw & Beale, P.C. v. Tidewater Capital Corp., 457 S.E.2d 28, 33 (Va. 1995) (expert testimony generally required to establish standard of care in "highly technical professions" such as law).

We do not find that Shortt's malpractice claims fall within the narrow class of straightforward malpractice claims exempted from expert testimony.  Cf. Polyzos v. Cotrupi, 563

S.E.2d 775, 778 (Va. 2002) (expert testimony not needed to demonstrate realtor's negligence in offering to sell property that he had not been authorized to sell); Easterling v. Walton, 156 S.E.2d 787, 791 (Va. 1967) ("The inadvertent failure of defendant to remove the [surgical tool] from plaintiff's abdominal cavity before closing the operation wound constitutes such an act or omission in the performance of the duty owed to plaintiff that a layman could infer negligence without the aid of expert testimony."). The measure of proper attorney performance in an administrative adjudication and the duty of an attorney to advise her client with regard to the scope of her representation are somewhat more nuanced than a surgeon sewing up a patient with a surgical tool still inside.

As an alternative basis for summary judgment, the district court found that any negligence of the Defendants caused no injury to Shortt's underlying legal claims because his claims lacked legal merit. Although Shortt broadly derides the Defendants' handling of his underlying claims in his opening brief, he fails to educate us on how his claims could have been successfully prosecuted. Even granting Shortt's opening brief the benefit of a liberal construction, we find little more than Shortt's conclusory supposition that the district court erred and an invitation for us to comb through the record to uncover the error. In short, Shortt's opening brief fails to

4

sufficiently identify legal error with the district court's order.

Accordingly, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5